# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DARWIN DWAYNE HUTCHINS,**

    Petitioner,

v.                                                                             Civil Action No. 5:12-cv-54
                                                                               Criminal Action No. 5:09-cr-21

**UNITED STATES OF AMERICA**

    Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On April 9, 2012, Darwin Dwayne Hutchins ("Petitioner") initiated this habeas corpus action pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On April 12, 2012, after conducting a preliminary review of the petition, this Court entered an Order Directing Government to Show Cause Why Writ Should Not be Granted.[1] On June 18, 2012, the Government filed a Response in Opposition to Petitioner's Motion where it argued, among other reasons, the Petitioner's Habeas Corpus action is untimely. On July 6, 2012, Petitioner filed a Reply to the Government's Response.

### II. FACTS

**A. Conviction and Sentence**

On June 2, 2009, Petitioner was indicted on eight counts in a twenty-two count Superseding Indictment for conspiracy to distribute fifty or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; use of a telephone to facilitate the

---

[1] Because Petitioner already recognized that his habeas corpus action was filed outside of time and asked that equitable tolling be applied, the Court had no need to raise the issue of timeliness *sua sponte* via a Hill v. Braxton notice.

distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846; distribution of cocaine base within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860; and aiding and abetting in the distribution of cocaine base within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2. On July 8, 2009, a Second Superseding Indictment was returned adding an additional defendant and five additional counts as to other defendants.

On October 14, 2009, Petitioner executed a plea agreement whereby he agreed to plead guilty to distribution of cocaine base within 1,000 feet of a protected location as charged in Count Six in exchange for dismissal of the other counts. On March 8, 2010, the Court conducted a sentencing hearing, and Petitioner was sentenced to 188 months of imprisonment, six years of supervised release, and a $100 special assessment fee.

**B.     Appeals**

On January 13, 2012, Petitioner filed an appeal. Because it was filed more than twenty-two months after his sentencing, he requested that the Fourth Circuit equitably toll the timeliness requirements, however, the Fourth Circuit refused to do so, and dismissed his appeal on March 28, 2012.

**C.     Federal Habeas Corpus**

Petitioner filed the instant 28 U.S.C. § 2255 habeas petition claiming that (1) his counsel was ineffective for failing to object to his career offender status, for failing to file a direct appeal, and for failing to apprise the District Court of his mental health issues at the time of the entry of his plea; (2) the District Court erred in sentencing him as a career offender because his prior crimes were not crimes of violence; and (3) the District Court erred in accepting his guilty plea

because he was on psychotropic medication at the time that made him delusional and disoriented, thereby rendering his guilty plea involuntary and unintelligent.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion be denied and dismissed from the docket because Petitioner's claim is without merit.

### III.     ANALYSIS

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.     Petitioner's Claim was Filed Outside the One-Year Statute of Limitations Because Judgment in His Case Became Final on March 22, 2011 and Equitable Tolling Does Not Apply to Extend this Deadline**

Prior to 1996, there was no time limitation on a federal prisoner's ability to collaterally attack his conviction in a §2255 motion. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001)(citing United States v. Torres, 211 F.3d 836, 838 (4th Cir. 2000)). This changed in 1996 with the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA amended 28 U.S.C. § 2255 to provide a one-year limitations period for the filing of §2255 motions. Id. 28 U.S.C. § 2255's statute of limitations

states that a one-year period of limitation shall apply to a motion under this section, and the limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

The Court also has the power to raise the issue of timeliness in habeas proceedings *sua sponte*. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

Although AEDPA does not define when a judgment of conviction becomes final, the Fourth Circuit has determined that a conviction is final on the date upon which Petitioner fails to pursue further direct appellate review. See id. at 142 (citing United States v. Torres, 211 F.3d 836, 838 (4th Cir. 2000)). Petitioner's judgment order was entered on March 8, 2010. (Dkt. No. 317). Petitioner did not follow through with his appeal, therefore his conviction became "final" for the purposes of § 2255(f)(1) on March 22, 2010, fourteen days after the judgment of conviction. See Clay v. United States, 537 U.S. 522 (2003). Therefore, under the AEDPA, the petitioner had until March 22, 2011, to timely file a § 2255 motion. However, the petitioner did not file his petition until April 9, 2012, more than a year after the statute of limitations had already expired. Accordingly, Petitioner has filed out of time.

However, although Petitioner has filed out of time, he argues that he is entitled to equitable tolling because he was suffering from bi-polar disorder, schizophrenia, depression, and

4

anxiety disorder during the statutory period. In order to be entitled to equitable tolling, he must show "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(citation omitted). In addition, Petitioner must show that it was the mental impairment that prevented him from filing his motion within the limitations period. See Robinson v. Hinkle, 610 F. Supp. 2d 533, 539 (E.D. Va. 2009)(holding that a petitioner must demonstrate a causal connection between mental incapacity and the untimely filing); see also Rios v. Mazzuca, 78 Fed. Appx. 742, 744 (2d Cir. 2003) (holding that while the petitioner had shown that he suffered from "chronic and sometimes debilitating mental illness," equitable tolling was not warranted because the petitioner failed to demonstrate that his condition prevented him from filing a timely motion). In this case, Petitioner's Motion has not sufficiently alleged mental incapacity to survive dismissal. Petitioner has submitted two documents in support of his claim for equitable tolling. The first document is a contact note authored by FCI Allenwood's drug abuse program coordinator. Although she notes that he was on a psychotropic medication regimen, she found that "[h]e was alert and oriented in all spheres." She continued by noting that his "[t]houghts were coherent, relevant and congruent with content. There were no apparent indicators of disorganization of thought, loosening of associations, or flight of ideas. Attention, concentration and memory were within normal limits. Impulse control, insight, and judgment were fair. Mr. Hutchins did not report any experience of delusions or hallucinations. No current signs of significant psychological distress were noted or reported." Pla.'s Exh. A. In the second document Petitioner submitted, an evaluation/report from a health services referral, although the staff psychologist reports that he has a history of voices and depression and that Petitioner was complaining of sleep impairment, anhedonia, and impaired concentration and motiviation, she

still noted that he "[p]resents as stable." Pla.'s Exh. B. The Court also notes that both exhibits submitted by Petitioner date back to 2010 and are not probative of Petitioner's mental state during the entire statutory period. Accordingly, he has not shown that his mental impairment prevented him from filing within the statutory period.

Petitioner has also failed to show that he acted diligently. Petitioner "must diligently seek assistance and exploit whatever assistance is reasonably available." Bills v. Clark, 628 F.3d 1100 (9th Cir. 2010). "The court should examine whether the petitioner's mental impairments prevented him from locating assistance or communicating with or sufficiently supervising any assistance actually found." Id. Here, Petitioner has not alleged any facts showing that he attempted to obtain assistance in order to timely file this habeas petition, or that his alleged mental problems prevented him from locating or communicating with others for assistance. Accordingly, this Court does not find that the petitioner's case is one of the rare instances where it would be unconscionable to enforce the limitation period against the party.

## IV.     RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's §2255 petition be **DENIED and DISMISSED WITH PREJUDICE**.

**On or before August 10, 2012**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the District Court Judge of Record.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);  Wright v.

Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 27, 2012

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE