```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DARWIN DWAYNE HUTCHINS,

          Petitioner,

v.                                    Civil Action No. 5:12CV54
                                    (Criminal Action No. 5:09CR21-03)
UNITED STATE OF AMERICA,                                    (STAMP)

          Respondent.
```

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On October 14, 2009, the pro se[1] petitioner, Darwin Dwayne Hutchins, signed a plea agreement in which he pled guilty to the distribution of cocaine base within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.  On March 8, 2010, this Court sentenced the petitioner to 188 months of incarceration followed by six years of supervised release.  The petitioner filed an appeal on January 13, 2012.  As his appeal was filed more than 24 months after his sentencing, he requested that the United States Court of Appeals for the Fourth Circuit equitably toll the timeliness requirements. The Fourth Circuit denied his request and dismissed his appeal on March 28, 2012.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

On April 4, 2012, the petitioner filed the instant § 2255 motion wherein he asserts that his motion should be granted based on: (1) ineffective assistance of counsel; (2) an error this Court made by sentencing him as a career offender because the crimes used were used incorrectly; and (3) an error this Court made by accepting the petitioner's plea of guilty because petitioner was under the influence of prescribed psychotropic drugs. This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The United States responded to the petitioner's § 2255 motion arguing that: (1) petitioner was competent to enter his plea based on the record of the hearing; (2) the career offender finding was valid as the prior crimes constituted the determination; and (3) the plea agreement contains a waiver of appellate rights to appeal the sentence or the manner in which it was determined and thus he waived his right to appeal. The petitioner then filed a reply in which he presented the same arguments as found in his petition. He also requests that his Court allow equitable tolling and rule on the issues presented without dismissing his petition as untimely.

Thereafter, the magistrate judge entered a report and recommendation recommending that the petitioner's § 2255 petition be denied and dismissed with prejudice. Specifically, the magistrate judge found that the petitioner's motion was filed

outside the relevant one-year statute of limitations and equitable tolling was not applicable.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.  The petitioner then filed objections to the report and recommendation.  The petitioner also filed motions to supplement the authority in support of his § 2255 petition.  For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2255 petition must be denied and dismissed with prejudice.  Further, this Court finds that the petitioner's motion to supplement must be denied as moot.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  28 U.S.C. § 636(b)(1)(A).  Because the petitioner has filed timely objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposes is a one-year limitation period within which any federal habeas corpus motion must be filed:

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitation period begins "running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Applying such rule to the instant case, the magistrate judge found that the petitioner filed out of time and was not entitled to equitable tolling. First, the magistrate judge found that the petitioner's judgment order was entered on March 8, 2010,

and therefore, his conviction became final for purposes of § 2255(f) on March 22, 2010. The petitioner did not file the instant motion under § 2255 until April 9, 2012, which is over two years after petitioner's conviction became final, and over one year after the statute of limitations had expired. The petitioner does not object to this calculation, and this Court finds no clear error as to these findings.

The magistrate judge then addressed the petitioner's equitable tolling argument. The petitioner argued that he is entitled to equitable tolling because he was suffering from bipolar disorder, schizophrenia, depression, and anxiety disorder during the statutory period. "Equitable tolling is available only in 'those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). As the magistrate judge stated, in order to be entitled to equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (internal quotations and citation omitted). Specifically, in a situation where a petitioner is seeking equitable tolling based on his mental condition, the

petitioner must show a causal connection between the mental condition and his failure to file a timely petition. Robison v. Hinkle, 610 F. Supp. 2d 533, 543 (E.D. Va. 2009). Failure to make such a link is fatal to a petitioner's claim for equitable tolling. Id.

The magistrate judge found that the petitioner had not sufficiently alleged mental incapacity to allow for the tolling of the applicable one-year statute of limitations. The magistrate judge asserted that documents submitted by the petitioner did not show that his mental impairment prevented him from filing his petition within the statutory period. The petitioner objects to this finding, arguing that he is not procedurally barred from asserting his claim because his attorney failed to timely appeal his sentence. Even if this Court were to accept the petitioner's contention that his attorney failed to timely appeal his sentence, such a contention does not constitute grounds to equitably toll the statutory period within which a petitioner may file a § 2255 petition. The petitioner fails to explain why he himself failed to file his § 2255 petition within the allotted one-year statutory period and fails to provide further support for his claim that his mental impairment caused his failure to file.

As the magistrate judge indicated, the two forms that the petitioner submitted to support his original argument concerning why the statutory period should be equitably tolled are inadequate

6

to show that his mental impairment caused his failure to timely file his petition. The first form is a document from FCI Allenwood's drug abuse program coordinator, where she reported that "[n]o signs of significant psychological distress were noted or reported." ECF No. 462 Ex. A. The second document is an evaluation from a health services referral that reports that while the petitioner has a history of voices and depression and was complaining of sleep impairment, anhedonia, and impaired concentration and motivation, he "[p]resents as stable." ECF No. 462 Ex. B. These documents fail to establish that during the entire one-year period, the petitioner was suffering from a mental impairment that caused his failure to file his § 2255 petition. Instead, to some extent, these documents support the conclusion that the petitioner was capable of filing a § 2255 petition. After a de novo review of the magistrate judge's findings, this Court finds that the petitioner failed to show that he is entitled to equitable tolling of the one-year limitation period due to mental impairment.

This Court notes that after filing his objections, the petitioner sought leave to supplement the authority in support of his argument that this Court made an error by sentencing him as a career offender because the crimes used were used incorrectly. Due to this Court finding that the petitioner is barred from asserting a § 2255 petition based on the applicable one-year limitation

period, this Court denies as moot the petitioner's request to supplement his objections with further case law in support of contentions that this Court cannot address.

### IV.  Conclusion

For the reasons stated above, based upon a _de novo_ review, the report and recommendation of the magistrate judge (ECF No. 487) is hereby AFFIRMED and ADOPTED in its entirety, the petitioner's objections (ECF No. 500) are OVERRULED, and the petitioner's motions to supplement the authority in support of his petition (ECF Nos. 503 and 556) are DENIED AS MOOT.  Accordingly, the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 462) is DENIED and it is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.  Further, in light of the above-stated ruling on petitioner's § 2255 petition, the petitioner's pending motion for appointment of counsel (ECF No. 492) is DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter.  Specifically, the

Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     January 2, 2014


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

9